# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:23-CV-00047-GCM

| | |
|---|---|
| **PRISCILLA WHEELER WILLIAMS,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney's Fees (Doc. No. 10.) Upon careful consideration of the arguments submitted by the parties, the Court enters the following findings, conclusions, and Order.

## I.  BACKGROUND

Plaintiff filed her Complaint on February 22, 2023, seeking a reversal of the Administrative Law Judge's ("ALJ") determination. (Doc. No. 1.) On September 18, 2023, the undersigned issued an Order remanding this matter for a new hearing and further consideration and a judgment was entered in accordance with the Order. (Docs. No. 8 and 9.) The pending Motion for Attorney's Fees was filed on December 15, 2023. (Doc. No. 10.) Defendant's Response in opposition to Plaintiff's Motion was filed on December 22, 2023. (Doc. No. 12.)

## II.  DISCUSSION

Plaintiff seeks an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*See* Doc. No. 10.) Specifically, Plaintiff is seeking $7,039.51 in attorney fees for 27.4 hours of attorney time at $241.15 per hour, and 5.4 hours of paralegal time at $80 per hour; and $402.00 in costs. (*See* Docs. No. 10, 11-1 at 2, 11-3, 11-4.)

The EAJA allows an award of reasonable attorney's fees and other expenses against the government provided that (1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; (2) the application for such fees, including an itemized justification for each amount requested, is timely filed within thirty days of final judgment in the action; (3) the position of the government is not "substantially justified;" and (4) no special circumstances make such an award unjust. 28 U.S.C. § 2412(d).

Defendant opposes Plaintiff's motion for fees arguing that they are "excessive" and asks the Court to reduce the fees by $1,688.05. (Doc. No. 12 at 1, 6.) Defendant argues that 32.8 hours of attorney time in this matter is excessive because (1) the transcript was not lengthy and (2) the issues raised in Plaintiff's brief were neither new nor novel. (*See* Doc. No. 12.) Instead, Defendant proposes the Court impose a 7-hour reduction and grant Plaintiff only $5,351.46 in fees. (*Id.* at 6.) Defendant does not object to Plaintiff's request for costs in the amount of $402.00. (Doc. No. 12 at 1.)

Upon determining "plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002). The party seeking fees under EAJA should submit evidence supporting the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Additionally, the fee applicant bears the burden of establishing the reasonable time expended as well as a reasonable hourly rate. *Hyatt*, 315 F.3d at 253; *Harlan v. Colvin*, No. 3:12-Cv-443-GCM-DCK, 2014 WL 1632931, at *2 (W.D.N.C. Apr. 23, 2014).

First, it appears that Defendant has erroneously interpreted Plaintiff's Motion. Defendant argues that 32.8 hours of *attorney* time in unreasonable but fails to distinguish the 5.4 hours of

paralegal time from the 27.4 hours of attorney time. (*See* Doc. No. 12.) Defendant also does not argue that 5.4 hours of paralegal time is excessive. (*See* Doc. No. 12.) As such, Court predicates its decision based on 27.4 hours of attorney time as evidenced in Plaintiff's timesheets (Doc. No. 11-3) and finds that the 5.4 hours of paralegal work is reasonable. *See Trim v. Astrue,* No. 2:09CV30, 2012 WL 1340671 (W.D.N.C. Apr. 18, 2012) (awarding 4.2 hours of paralegal time).

The first basis for Defendant's argument that Plaintiff's fees are excessive is that the administrative transcript is not lengthy. Defendant notes that Plaintiff billed 15.6 hours[1] for reviewing 1,042 pages of the transcript. (Doc. No. 12 at 3-4.) Of these 1,042 pages, 399 were medical records. *Id.* at 4. A review of recent decisions has found that in similar motions brought under the EAJA, this transcript is in fact lengthy. It is not unreasonable that Plaintiff's attorneys spent 15.6 hours (likely less due to block billing) reviewing the transcript in its entirety. In *Johnson v. Saul*, the Court awarded fees for 27.31 hours of attorney work where the transcript was 580 pages. No. 5:18-CV-00152-FDW, 2020 WL 6065308 (W.D.N.C. Oct. 14, 2020). Similarly, in *Mooney v. Saul*, the Court awarded fees for 40.5 hours of attorney work where the transcript was 374 pages. No. 1:18-CV-00097-MR, 2020 WL 475619 (W.D.N.C. Jan. 29, 2020) (reducing awarded fees for attorney time from 48.3 hours due to "duplicative and excessive" time entries); *see also Marler v. Saul*, No. 3:20-CV-00035-KDB, 2021 WL 2652949 (W.D.N.C. June 28, 2021) (awarding fees for 37 hours of attorney where the transcript was 1,810 pages). Moreover, the Court is not persuaded by Defendant's argument that much of the evidence in the transcript was immaterial to the facts of this case. In seeking review of a determination of Social Security benefits,

---

[1] The time entry on August 17, 2023, combines a review of the administrative transcript and "drafting procedural history and facts". (*See* Doc. No. 11-3.) "Block billing" is typically frowned upon in this District. *See generally, Johnson v. Saul,* No. 5:18-CV-00152-FDW, 2020 WL 6065308 (W.D.N.C. Oct. 14, 2020).

3

it is reasonable to expect counsel to read the administrative transcript to understand, and then fully brief, the underlying issues for a client's claims.

While the Court agrees that the issues presented by this action were neither novel nor complex, 27.4 hours of attorney time is not unusual nor excessive in these types of cases. In *Sloan v. Colvin*, the court found that 30 hours of attorney time was reasonable. No. 5:12-CV-388-D, 2013 WL 5674989 (E.D.N.C. Oct. 17, 2013); *see also Gibby v. Astrue*, No. 2:09CV29, 2012 WL 3155624 (W.D.N.C. Aug. 2, 2012) (awarding fees for 33.1 hours of attorney work). This District typically recognizes between 20 to 40 hours of attorney work, which includes reviewing the administrative transcript and fully briefing the issues for summary judgment. *See Johnson,* 2020 WL at *2. It is clear that 27.4 hours of attorney time is not unusual here.

After careful consideration of the foregoing, the Court in its discretion will accept the hourly rates as proposed by Plaintiff[2] and will not reduce the hours as requested by Defendant.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. No. 10) is **GRANTED**. The Social Security Administration shall pay $7,039.51 in attorney fees and $402.00 in costs to the Plaintiff in full settlement and satisfaction of any and all claims for attorney fees for legal services rendered under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

With respect to Plaintiff's signed assignment of EAJA fees to her attorney, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first and, if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the Department of the

---

[2] Defendant does not contest the hourly rate and the Court finds that Plaintiff provided adequate justification for the hourly rate (*See* Doc. No. 11-1.)

4

Case 1:23-cv-00047-GCM   Document 13   Filed 03/26/24   Page 4 of 5

Treasury reports to the Commissioner that the Plaintiff does not owe a federal debt, the government will exercise its discretion and honor the assignment of EAJA fees, and pay the awarded fees directly to Plaintiff's counsel.

**SO ORDERED.**

Signed: March 26, 2024

Graham C. Mullen
United States District Judge